UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DUSTIN ADAMS, Individually and for Others Similarly Situated,<br><br>v.<br><br>DAVID BOONE OILFIELD CONSULTING & EP ENERGY CORPORATION, | Case No. _____<br><br>Collective Action<br><br>Jury Trial Demanded |

## COMPLAINT

### SUMMARY

1. David Boone Oilfield Consulting ("DBOC") staffed out workers to EP Energy Corporation ("EP Energy") (together, "Defendants"). Defendants misclassified these workers as independent contractors and failed to pay them overtime compensation as required by federal law.

2. DBOC and EP Energy suffered or permitted these workers to work more than 40 hours in a week, but did not pay them overtime. Instead, Defendants paid these workers a day-rate.

3. Defendants' failure to pay overtime to these workers violates the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207(a).

4. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events alleged herein occurred in this District and because Defendant EP Energy resides in this District.

**PARTIES**

7. Plaintiff worked for Defendants as a "Flowback Operator."

8. Defendants have employed Plaintiff since approximately May 2014.

9. DBOC does not pay Plaintiff overtime compensation for all hours worked over 40 hours in a single work week.

10. Although it controlled his pay in large part, EP Energy did not pay Plaintiff overtime compensation for all hours worked over 40 hours in a single work week.

11. Plaintiff's written consent to this action is attached as Exhibit 1.

12. Plaintiff brings this action on behalf of himself and all other similarly situated workers who were staffed by DBOC to EP Energy in the past three (3) years who: (1) were classified as independent contractors; and (2) were paid a day-rate and did not receive overtime for hours worked in excess of 40 in a week (the "Putative Class Members").

13. **DBOC** is a Texas corporation. DBOC may be served with process by serving its registered agent for service of process, **David E. Boone, at 3022 Lake Creek, Highland Village, Texas 75077**.

14. **EP Energy** is part of a massive enterprise consisting of more than one entity. EP Energy may be served with process by serving its registered agent for service of process is **CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201**.

**FACTS**

15. DBOC is a staffing company.

16. DBOC provides the energy industry with specialized energy personnel, including Flowback Operators.

17. DBOC's employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

18. Upon information and belief, DBOC's annual gross revenues are in the millions.

19. DBOC provides personnel – including Flowback Operators like Plaintiff- to EP Energy.

20. EP Energy is a major oil company and one of the largest oil companies in the United States.

21. EP Energy's employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones - that have moved in, or were produced for, interstate commerce.

22. EP Energy's annual gross revenues is in the millions.

23. EP Energy is headquartered in Houston, Texas.

24. EP Energy is one of America's largest oil and natural gas producers.

25. In order to perform its production operations, EP Energy employs (among others) workers provided by DBOC.

26. Over the past three years, EP Energy and DBOC have employed numerous "independent contractors" – including Plaintiff – to work on EP Energy's worksites.

27. Defendants classified the Putative Class Members as "independent contractors" or "consultants."

28. Defendants classified Plaintiff as an "independent contractor" or "consultant."

29. All of the Putative Class Members that DBOC staffs out to EP Energy work under EP Energy's day-to-day direction during their work time.

30. Neither Plaintiff nor the other workers like him advertise their services in the way that a "stand alone" business would.

31. Plaintiff and the other workers like him find their employment within the businesses of EP Energy.

32. Plaintiff and the Putative Class Members employed at EP Energy are economically dependent on EP Energy within the meaning of the FLSA.

33. EP Energy controlled meaningful aspects of the Putative Class Members' employment relationship.

34. EP Energy supervised the Putative Class Members (including Plaintiff) through its admitted employees.

35. EP Energy subjected the Putative Class Members (including Plaintiff) to additional control through its policies and procedures.

36. The Putative Class Members (including Plaintiff) are/were required to comply with all applicable codes and standards adopted by EP Energy.

37. EP Energy required the Putative Class Members (including Plaintiff) to complete daily reports of their work.

38. Defendants set the Putative Class Members' schedules.

39. EP Energy required the Putative Class Members to attend meetings, follow directions, and abide by procedures in the same manner as its "admitted" employees.

40. DBOC presented the Putative Class Members with non-negotiable rates of pay.

41. EP Energy largely determined the Putative Class Members' rates of pay offered to the Putative Class Members.

42. EP Energy has to approve any changes to the Putative Class Members' compensation.

43. With minor exceptions, EP Energy owned and/or provided all of the equipment the Putative Class Members needed to perform their work.

44. EP Energy invested hundreds of thousands of dollars, at a minimum, in the projects that Putative Class Members worked on.

45. The Putative Class Members provided primarily their labor.

46. EP Energy owned, or controlled, the premises on which the Putative Class Members performed their work.

47. For example, Plaintiff spent months working on EP Energy's jobsites.

48. Plaintiff typically worked 12 or more hours per day, for weeks on end.

49. DBOC knows Plaintiff, and the other Putative Class Members, work more than 40 hours in a week.

50. EP Energy's records reflect the fact Plaintiff, and the other Putative Class Members, work more than 40 hours in a week.

51. Defendants schedule these workers for 12+ hours a day, for as many as 7 days a week.

52. Defendants have been aware of the FLSA's requirements for years.

53. Defendants knew the Putative Class Members are not exempt from the FLSA's overtime provisions.

54. Nonetheless, DBOC failed to pay Plaintiff and the other Putative Class Members overtime for hours worked in excess of 40 in a workweek.

55. Although EP Energy had the ability to ensure Plaintiff and the other Putative Class Members received overtime, it permitted DBOC to deny these workers overtime.

## COLLECTIVE ALLEGATIONS & CAUSE OF ACTION

56. DBOC's failure to properly classify the Putative Class Members as employees and pay the Putative Class Members overtime violates the FLSA.

57. Because EP Energy also employed, or jointly employed, the Putative Class Members, it is also liable for the violations of the FLSA.

58. Because the classification decision and pay policy imposed on the Putative Class Members also violates the wage and hour laws of several states, Plaintiff may seek leave to add additional plaintiffs/claims as appropriate.

59. While the Putative Class Members' job duties may vary somewhat, these differences are not relevant for determining their rights to overtime pay.

60. The Putative Class Members are non-exempt employees.

61. DBOC's classification and pay policy affects all the Putative Class Members in a similar manner.

62. Plaintiff and the other Putative Class Members are similarly situated for the purposes of their overtime claims.

63. The collective action class is therefore properly defined as:

**All current and former oilfield personnel who were staffed by DBOC to EP Energy in the past three (3) years who were classified as independent contractors and paid a day-rate.**

64. Defendants owe Plaintiff and the other Putative Class Members the difference between the rate actually paid and the proper overtime rate.

65. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

66. Defendants also owe Plaintiff and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

67. Plaintiff and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## JURY DEMAND

68. Plaintiff demands a trial by jury.

## PRAYER

Wherefore, Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Plaintiff and the other Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Fed. Id. 27157
    State Bar No. 24014780
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    **Andrew Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    **Jessica M. Bresler**
    Fed Id. 2459648
    State Bar No. 24090008
    1150 Bissonnet St.
    Houston, Texas 77005
    Tel: (713) 751-0025
    Fax: (713) 751-0030
    mjosephson@fibichlaw.com
    litkin@fibichlaw.com
    adunlap@fibichlaw.com
    jbresler@fibichlaw.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    Tel: (713) 877-8788
    Fax: (713) 877-8065
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**